IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANA GLORIA DIAZ PINEDA  :
4832 Ertter Drive  :
Rockville, Maryland 20852  :
 :  Civil Action No. 15-cv-00209 CKK
    Plaintiff,  :
 :
v.  :
 :
SYLHET, INC.  :
 :
5616 Connecticut Avenue N.W.  :
Washington, DC 20015  :
 :
    Serve: Resident Agent  :
          Mohammad A. Islam  :
          2469 18th Street N.W.  :
          Washington, DC 20009  :
 :
and  :
 :
MOHAMMAD A. ISLAM  :
2469 18th Street N.W.  :
Washington, DC 20009  :
 :
    Defendants.  :

## AMENDED COMPLAINT

Plaintiff, Ana Gloria Diaz Pineda ("Plaintiff"), by and through her attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Discoll PC, hereby files her Amended Complaint against Sylhet, Inc. ("Sylhet") and Mohammad A. Islam (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Minimum Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

### INTRODUCTION

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3975758_1

Plaintiff worked for Defendants as a food preparer. Plaintiff was paid at the same regular hourly rate for all hours worked. She worked on average between forty-three and sixty-three hours per week and was not paid at the overtime rate of one and a half times her regular hourly rate as required by D.C. and federal law. Defendants also paid Plaintiff below the required minimum wage under D.C. law. Defendants have willfully violated the clear and well-established minimum wage provisions of the DCMWRA and overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid minimum wage and overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant Syhlet, Inc. is a D.C. corporation.

5. Defendant Mohammad A. Islam is the owner of Syhlet, Inc.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Mohammad A. Islam controlled the day to day operations of Adams Morgan Subway.

11. Defendant Mohammad A. Islam had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Mohammad A. Islam supervised Plaintiff directly or indirectly.

13. Defendant Mohammad A. Islam directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Mohammad A. Islam directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that plaintiffs can pursue individual employers regardless of corporate shields under FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id.*

17. Defendant Mohammad A. Islam would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3975758_1

## FACTS

18. Plaintiff was employed by Defendants as food preparer from October 12, 2011 through October 8, 2014 (the "Employment Period").

19. Plaintiff was paid by Defendants at a regular hourly rate of $8.00, which is below the required minimum wage under D.C. law.

20. She worked on average between forty-three and sixty-three hours per week and was never compensated at the required overtime rate, of one and one half times her regular hourly rate, for those hours worked over forty hours.

21. Plaintiff is owed approximately $2,714.76 in minimum wages and $3,566.25 in overtime wages.

22. Plaintiff is owed minimum and overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

23. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211; DC ST §32-1008.

24. The precise number of hours worked and wages owed should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

### COUNT I
### (FLSA)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3975758_1

27. Defendants were required to pay Plaintiff compensation at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

28. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

29. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

30. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in her favor in an amount to be determined at trial, but not less than $6,648.00, which is two times the total minimum wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

31. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

32. Defendants were required to pay Plaintiff at the rate of $8.25 and starting July 1, 2014 were required to pay Plaintiff at the rate of $9.50 as required by D.C. law. *See* D.C. ST §32-1003.

33. Defendants were required to pay Plaintiff one and a half times her regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5

3975758_1

34. Defendant failed to pay Plaintiff the required minimum wage as required by DCMWRA.

35. Throughout the Employment Period, Defendants failed to properly pay Plaintiff at the overtime rate required by the DCMWRA.

36. Unpaid minimum wages and overtime wages are due and owing to Plaintiff by Defendants.

37. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $12,562.02 which is two times the total minimum wages and overtime compensation owed, and to grant to Plaintiff her reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

38. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

39. The amounts owed to Plaintiff by Defendants for unpaid minimum wages and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

40. Defendants were required to pay to Plaintiff at least minimum wage as set forth by D.C. law and overtime wages at the rate of one and a half times her regular hourly rate for all hours worked in excess of forty hours per week.

41. Defendant failed to pay Plaintiff the required minimum wage as required by DCMWRA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

42. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

43. Unpaid minimum and overtime wages are due and owing to Plaintiff by Defendants.

44. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $18,843.03, which is approximately three times the wages owed; and to grant to Plaintiff her reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: /s/ *Mary Craine Lombardo*
Mary Craine Lombardo (495881)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

3975758_1